**Percival Norman FENTON,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**United States of America,
Plaintiff–Appellee,**

v.

**Percival Norman Fenton, Defendant–Appellant.**

Nos. 12–7583, 12–7594.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 2, 2012.

Decided: Nov. 6, 2012.

Percival Norman Fenton, Appellant Pro Se. Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Percival Norman Fenton appeals the district court's order denying his motion to review

and correct the restitution order and to reconsider the court's denial of his petition for a writ of error coram nobis, and the court's order denying his subsequent motion for a certificate of appealability.

With respect to the district court's order denying Fenton's motion to review and correct the restitution order and to reconsider, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R.App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

The district court's order was entered on the docket on June 26, 2012. The notice of appeal was filed on September 4, 2012. Because Fenton failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the court's June 26 order.

With respect to the district court's order denying Fenton's motion for a certificate of appealability, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a movant satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Fenton has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*